## CIRCUIT COURT OF ROANOKE COUNTY

Patsy Anne Eakin Williams

v.

James Michael Williams

November 5, 2002

Case No. CH02-306

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff filed a Bill of Complaint for divorce alleging cruelty, desertion, and constructive desertion, and, upon demurrer, the Court sustained the same, granting Plaintiff the right to file an Amended Bill of Complaint. At the time of the hearing on the first demurrer, the Court went into great detail and held a lengthy discussion concerning the concept of cruelty as a ground for divorce with both counsel. Upon the filing of the Amended Bill of Complaint Defendant made an oral demurrer, which the Court accepted, subject to the subsequent filing of a written demurrer and based on the assurance that both parties were ready to argue the second demurrer. The Court sustained the second demurrer and ordered the case to be dismissed. Plaintiff thereafter filed a Motion for Reconsideration which arrived prior to the second written demurrer's being filed. For the reasons stated below, the court denies the Motion for Reconsideration, the Bill of Complaint, and the Cross-Bill.

*Cruelty*

Mental cruelty is not a ground for divorce in Virginia. Plaintiff's arguments, both oral and written, that selected language in prior Virginia cases can be construed to allow a cruelty divorce without allegation of, or ultimately proof of, actual or predictable danger to the life, limb, or health of a litigant is

without merit. It is directed to the wrong branch of the government. It is a legislative decision to change the law and not a decision to be made by a court bound by *stare decisis*.

Plaintiff's position calls for substituting modern day colloquial definitions for the language used by the courts of this Commonwealth for more than a century. It would require the Court to ignore the clear and unambiguous language of cases such as *Latham v. Latham*, 71 Va. (30 Gratt.) 303, 320-21 (1878), which holds that:

> According to the authorities, *the cruelty that authorizes a divorce is anything that tends to bodily harm and thus renders cohabitation unsafe; or, as expressed in the older decisions, that involves danger of life, limb, or health.* I agree there may be cases in which the husband, without violence, actual or threatened, may render the marriage state impossible to be endured. There may be angry words, coarse and abusive language, humiliating insults, and annoyances in all the forms that malice can suggest, which may as *effectually endanger life or health as personal violence,* and which therefore would afford grounds for relief by the court. But it is obvious that what merely wounds the feelings without being accompanied by bodily injury or actual menace, mere austerity of temper, petulance of manner, rudeness of language, want of civil attention and accommodation, or even occasional sallies of passion that do not threaten harm, although they be high offenses against morality in the marital state, does not amount to legal cruelty.

*Id.* (emphasis added). See also *Meyers v. Meyers*, 83 Va. 806 (1887); *Upchurch v. Upchurch*, 194 Va. 990 (1953); *Graham v. Graham*, 210 Va. 608 (1970); and *Zinkhan v. Zinkhan*, 2 Va. App. 200 (1986), as illustrative cases.

## Desertion and Constructive Desertion

The facts as pleaded and argued by the Plaintiff do not amount to desertion or constructive desertion. The representative cases cited by the Plaintiff, among them *Zinkhan v. Zinkhan*, 2 Va. App. 200 (1986), do point out that denial of sexual intercourse is one of the factors a court would look to as evidence of a withdrawal of the duties of the marital relationship. But *Zinkhan* meant denial of sexual relations by the party alleged to be guilty of desertion, not by the one alleging it. Desertion and constructive desertion

require egregious actions making up the willful breach and neglect of marital duties. They must be such "as to practically destroy home life in every true sense, and to render the marriage state well nigh intolerable and impossible to be endured." *Id.* at 208. The facts alleged do not rise to this level.

Finally, the Plaintiff places undue weight on the decision in *Bchara v. Bchara*, 38 Va. App. 302 (2002). That case does not change the law, nor does it allows married couples to prosecute a divorce case while continuing to live together. It is merely a restatement of the law that, under certain circumstances, parties who continue to reside under the same roof can be found to be living separate and apart. Those circumstances do not exist as pleaded in the instant case.

For the reasons stated herein and for the reasons stated by the Court during the oral arguments, Plaintiff's request for reconsideration is denied. Counsel for Defendant should prepare an appropriate order, incorporating this letter opinion by reference, dismissing the Bill of Complaint and Cross-Bill, as earlier ordered, and denying the Motion for Reconsideration and present it for entry after first obtaining endorsement of counsel.